IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN SAMPLES, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:11-cv-00024 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| HENDERSON, WEINSTEIN, WYATT & ) | |
| ASSOCIATES, INC. and LEON H. ) | |
| MARTIN, III, ) | JURY DEMAND |
| ) | |
| *Defendant.* ) | |

## ORDER

Plaintiff Stephen Samples has filed a Motion for Default Judgment ("Motion") against Defendant Henderson, Weinstein, Wyatt & Associates, Inc. ("Henderson"), in which Plaintiff requests a default judgment in his favor that will include statutory damages, attorney fees, and costs. (Doc. No. 21.) The Clerk of the Court previously entered default against Henderson on May 9, 2011, because no answer or responsive pleading had been filed. (Doc. No. 19.) Although the Motion for Default Judgment is properly made at this time, the amount of the judgment Plaintiff requests is not a sum certain, as he asserts (Radbil Aff.[1] ¶ 6), because the damages he seeks appear to reflect a statutory maximum under 15 U.S.C. § 1692k(a)(2)(A) and because he is only entitled to "reasonable attorney fees as determined by the court," § 1692k(a)(3). When the amount sought is not a sum certain, it must be resolved by this Court, rather than by the Clerk of the Court, pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court will hold a hearing regarding Plaintiff's entitlement to damages and attorney fees on **June**

---

[1] Docketed at No. 21-2.

9, 2011, at 10:00 a.m. Additionally, Plaintiff is directed to file supportive documentation regarding the hours and rate of pay on which he bases his request for attorney fees prior to the hearing. *See* L.R. 54.01(b)(3).

It is so ORDERED.

Entered this __15th__ day of May, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT